Although I sympathize with the desire of the majority to right a perceived wrong, I cannot agree with the majority that the trial court abused its discretion in determining that Swain's motion for Civ. R. 60(B) relief — filed almost six months after the entry of judgment against him and when Security was about to garnish his wages — was not filed within a reasonable period of time.
In determining whether the trial court abused its discretion, we must focus on the information presented to the court at the hearing on the motion. Swain testified at the hearing. He did not testify as to when he first became aware that a judgment had been rendered against him. On the other hand, counsel for Security stated that on the day judgment was rendered he told Betty Burns, with whom Swain was living at the time, that the trial court had rendered judgment against Swain.
(Mr. Sams, counsel for Security)
 There has been no testimony whatsoever that the Motion was filed within a reasonable time. You do not get one year, automatically, to file your Motion. Rule 60B provides that the Motion shall be filed within a reasonable time and not more than one year.
 Some of the case law we cited in our Response has held that as short as two or three months is too long a period of time, if you immediately learn of the judgment. It was obvious that Mr. Swain immediately knew of the judgment. He came here that very day. How did Mr. Swain learn of the judgment? Because Betty Burns called me the day of the trial and asked what had happened. I told her —
 MR. BOUCHER: Objection. If this is a closing argument, he is now testifying that he had a conversation with Betty Burns.
THE COURT: Overruled.
 MR. SAMS: Betty Burns called me and asked what happened. I told her judgment was entered against Mr. Swain. Presumably, that is what precipitated him coming to the court.
 Mr. Swain knew on the exact date judgment was rendered that judgment had been rendered against him. He waited almost six months to file his Motion for relief from this judgment.
 What precipitated that is because we were about to garnish his wages and go out and enforce the judgment and take money away from him. That's what precipitated him coming to court. It was not because of all of these other things. It was because we were about to take money.
At the time counsel made this representation, Swain and Betty Burns were both in the courtroom. Neither of them, nor Swain's counsel, refuted or attempted to refute Security's counsel's representation that Swain was aware of the judgment against him the same day that it was rendered. The majority observes that the trial court's appearance docket shows that Swain was not served with a copy of the judgment. The majority has gone outside the record to do so. In any event, the record before us fails to demonstrate any effort on Swain's part to inform the trial court that he had not received a copy of the judgment entry, or that the trial court was otherwise aware of that fact. In my judgment, we should not impute to the trial court hearing a Rule 60(B) motion knowledge of the contents of its appearance docket. In any event, given the unrefuted representation that Swain was aware of the judgment the day it was rendered, it is of little consequence that Swain did not receive a copy of the judgment. It cannot be said that Swain was unaware that Security was demanding that he demonstrate that his Rule 60(B) motion was filed within a reasonable time. In its memorandum opposing relief from judgment, filed almost two weeks before the hearing on the motion and served upon Swain's counsel, Security stated as to Swain's motion:
 Defendant has also failed to establish that his Motion was filed within a reasonable time. Defendant has offered no explanation for why it took him almost six months to file his Motion for Relief From Judgment. Defendant has the burden of establishing that his Motion was made within a reasonable time. Defendant has failed to do so.
Based on the information before the trial court on the motion for relief from judgment, I find no abuse of discretion in its determination that Swain waited an unreasonable period of time to seek relief from judgment. Although I share the majority's desire to extricate Swain from the situation in which he finds himself, I can see no principled way to do so. Accordingly, I would affirm.
Copies mailed to:
Jeffrey B. Sams
Richard A. Boucher
Hon. Bill Littlejohn